George CALESHU, Petitioner,

v.

Hon. H. Kenneth WANGELIN, United States District Judge for the Eastern District of Missouri, Respondent.

No. 76–2074.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 8, 1977.

Decided Feb. 17, 1977.

---

Douglas B. Brockhouse, St. Louis, Mo., for petitioner.

Myron C. Baum, Acting Asst. Atty. Gen., and Gilbert E. Andrews, Chief, App. Section, Tax Div., Dept. of Justice, Washington, D. C., for respondent.

Before LAY, WEBSTER and HENLEY, Circuit Judges.

WEBSTER, Circuit Judge.

George Caleshu petitions this Court for a writ of mandamus to compel the District Court to vacate its order of October 29, 1976, granting a change of venue to Hawaii in petitioner's tax refund suit against the United States. Petitioner contends that venue is proper only in the Eastern District of Missouri.

Petitioner brought an action under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422 in the United States District Court for the Eastern District of Missouri against the United States and others, seeking a refund of alleged overpayments of federal taxes and an injunction against further collection of assessed taxes.[1] In his complaint, he alleged that he was a resident of St. Louis, Missouri, and gave his mailing address as

---

1. Pursuant to 26 U.S.C. § 6672, the Commissioner of Internal Revenue had assessed various penalties against petitioner as a responsible person of Union Investments, Inc., a publicly held company operated under the laws of Hawaii and having its principal place of business in that state, and also as.a responsible person of two subsidiaries of Union Investments, Inc., Malei, Inc. and Melia Park, Inc., each a Hawaii corporation with its principal place of business in Honolulu, Hawaii.

"care of Marketing Department, Chase Hotel, 212 N. Kingshighway, St. Louis, Missouri, 63108."

The government filed a motion to dismiss the complaint for improper venue on the ground that petitioner was not a resident of the Eastern District of Missouri.[2] It requested the action be transferred to California or Hawaii under 28 U.S.C. § 1402(a), on the ground that those states have substantial factual contact with the issues in the case. Petitioner filed a reply in opposition to the government's motion to change venue. On October 29, 1976, the District Court denied the motion to dismiss for improper venue, but ordered the action transferred to the United States District Court for the District of Hawaii. In an attached memorandum, the court said that although petitioner leads a nomadic life, it was convinced "he does reside in St. Louis within the meaning of the applicable venue statute. 28 U.S.C. § 1402." The court then stated that it was transferring the action to Hawaii "in the interest of justice and for the convenience of the parties" because the majority of the events in question took place there and because the government had pointed out that most of its relevant records are also in that state.

Petitioner then filed a motion to vacate this transfer order. He also requested that if the court would not vacate the order, that it should amend its findings so that petitioner could file an interlocutory appeal under 28 U.S.C. § 1292(b) from the venue change order. In response, the District Court entered an order denying the motion to vacate, but finding that its order involved a controlling question of law as to which there is a substantial ground for difference of opinion, and that an immediate appeal from the order might materially advance the ultimate termination of the litigation. Petitioner did not pursue his appeal under § 1292(b), but instead chose to file the petition for writ of mandamus that is before us.

Because petitioner's original complaint for refund named the United States as a defendant, venue in this suit is governed by 28 U.S.C. § 1402, which provides in pertinent part:

(a) Any civil action against the United States under subsection (a) of section 1346 of this title may be prosecuted only:

(1) Except as provided in paragraph (2), in the judicial district where the plaintiff resides;

(2) In the case of a civil action by a corporation under paragraph (1) of subsection (a) of section 1346, in the judicial district in which is located the principal place of business or principal office or agency of the corporation; or if it has no principal place of business or principal office or agency in any judicial district (A) in the judicial district in which is located the office to which was made the return of the tax in respect of which the claim is made, or (B) if no return was made, in the judicial district in which lies the District of Columbia. Notwithstanding the foregoing provisions of this paragraph a district court, for the convenience of the parties and witnesses, in the interest of justice, may transfer any such action to any other district or division.

The District Court concluded that the last sentence of paragraph (2) refers to all of subsection (a), and thus any civil action against the United States brought under 28 U.S.C. § 1346(a) may be transferred to any other district in the interest of justice. We disagree, and conclude that only such actions by a *corporation* may be so transferred.

Refund suits brought by individual taxpayers may be prosecuted only in the judicial district in which the plaintiff resides. Subsection (a) was added to

---

**2.** In the alternative, the government requested that Count II of petitioner's complaint, which demanded injunctive relief, be dismissed for failure to state a claim upon which relief could be granted or, alternatively, for lack of jurisdiction. The government asserted that 26 U.S.C.

§ 7421 prohibits injunctive actions to restrain the assessment or collection of any federal tax. In its order of October 29, 1976, the District Court directed that the motion to dismiss Count II be stayed.

§ 1402(a) in 1958 to resolve a disagreement among courts as to whether the definition of corporate residence found in § 1391(c) of the general venue statute was applicable to suits against the United States by corporations for the refund of taxes. 7B J. Moore, Federal Practice § 1402, at JC–598 (2d Ed. 1976). There is nothing in the legislative history of this amendment to indicate that the last sentence of paragraph (2) was intended to apply to individuals filing tax refund suits. See 3 U.S.Code Cong. & Ad. News p. 5263 (1958). See also C. Wright, Handbook of the Law of Federal Courts § 44, at 189 n. 47 (3d Ed. 1976).[3]

 Thus, we must hold that venue in this case is proper only in the district of petitioner's residence. 28 U.S.C. § 1402(a)(1). We accept as correct, for purposes of this petition, the finding of the District Court that petitioner resides in St. Louis. There is certainly no basis for concluding that this finding is clearly erroneous. Venue is therefore proper only in the Eastern District of Missouri and the action should not have been transferred to Hawaii.[4]

 The use of the mandamus power conferred on this Court by the All Writs Statute, 28 U.S.C. § 1651, is a proper remedy to correct an erroneous transfer. See Wilkins v. Erickson, 484 F.2d 969, 971 (8th Cir. 1973); Shutte v. Armco Steel Corp., 431 F.2d 22, 23 (3d Cir. 1970), cert. denied, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); Technitrol, Inc. v. McManus, 405 F.2d 84, 87–88 (8th Cir. 1968), cert. denied, 394 U.S. 997, 89 S.Ct. 1591, 22 L.Ed.2d 775 (1969). Mandamus is available in "exceptional circumstances amounting to a judicial 'usurpation of power,'" Will v. United States, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967), and when a district court has exceeded "the sphere of its discretionary power." Id. at 104, 88 S.Ct. at 278. See In re Cessna Distributorship Antitrust Litigation, 532 F.2d 64, 68 (8th Cir. 1976). We conclude that such circumstances exist in the present case.

 Accordingly, we order that a writ of mandamus issue directing the District Court to vacate its order filed October 29, 1976, granting a change of venue from the United States District Court for the Eastern District of Missouri to the District of Hawaii, and to deny the government's motion for change of venue.[5]

Writ granted.

---

3. We note that "(a)" under 28 U.S.C. § 1402 is classified as a "subsection" and "(2)" is classified as a "paragraph." The last sentence of "(2)" clearly refers only to that "paragraph."

4. Because venue is proper only in the Eastern District of Missouri, transfer of this case cannot be justified by 28 U.S.C. § 1404(a), which provides that a district court, for the convenience of parties and witnesses, in the interest of justice, may transfer any civil action to any other district or division "where it might have been brought." The change of venue statute does not dispense with the requirement that venue must be proper in the transferee district. Van Dusen v. Barrack, 376 U.S. 612, 619–20, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); Hoffman v. Blaski, 363 U.S. 335, 342–44, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). The government conceded in its brief to the District Court that § 1404 was inapplicable.

5. We reject respondent's contention that mandamus is not available to petitioner because, prior to the filing of this petition, the District Court had properly certified to this Court as a controlling issue of law under 28 U.S.C. § 1292(b) the same issue that is raised in the mandamus petition. The availability of an interlocutory appeal under 28 U.S.C. § 1292(b) depends upon an assessment of factors that are not free from doubt. See A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 442–43 (2d Cir. 1966). The grant or denial of mandamus lies within the discretion of this Court. We do not think we are bound to require that petitioner first seek interlocutory review where mandamus is clearly an appropriate remedy. See Technitrol, Inc. v. McManus, supra, 405 F.2d at 87–88.