528 F.Supp. 1004 (1981)
Soung O. KWOUN, M.D., Plaintiff,
v.
Richard S. SCHWEIKER, etc., et al., Defendants.
No. S81-123 C.
United States District Court, E. D. Missouri, Southeastern Division.
December 23, 1981.
*1005 G. H. Terando, Poplar Bluff, Mo., for plaintiff.
Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
This case is now before this Court on the motion of the defendants to dismiss or in the alternative for summary judgment. Defendants bring this motion pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and contend that this Court lacks the requisite subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies. In addition, defendants assert that plaintiff's complaint fails to state a claim upon which relief may be granted because the procedures that the defendants afforded the plaintiff did not fail to comply with due process requirements.
Plaintiff's cause of action arises out of an initial determination by the Health Care Financing Administration (hereinafter HCFA) (which is a branch of the Department of Health and Human Services) to exclude the plaintiff from the medicare reimbursement program. The plaintiff was notified on September 11, 1981 that the agency was suspending his receipt of reimbursement under the Medicare Program pending any administrative appeals pursuant to 42 U.S.C. § 1320c. Plaintiff is presently reimbursed in excess of $200,000.00 per year for his work at Henrickson Clinic. Upon suspension of his payments, the plaintiff petitioned this Court for a temporary restraining order, alleging that the agency had improperly excluded him from the Medicare Program by not affording him the procedural steps required by the statute and regulations. In response, a temporary restraining order was instituted on September 17, 1981. At this time, this Court believed that the plaintiff would suffer irreparable injury unless injunctive relief was granted and that defendants would not be adversely affected during the period in which the Order was in effect. However, after considering the claims of the plaintiff and defendants and the statutory scheme it is this Court's conclusion that it lacks the requisite subject matter jurisdiction to consider plaintiff's claim, or to order any relief in this matter.
In order to understand the validity of the plaintiff's claims and the power of this Court to review those claims, it is necessary to examine the statutory scheme and the extent of review that the plaintiff already has received at the agency level. The defendants have charged the plaintiff with violating the sections of the Social Security Act, which requires a provider of medical services to give patients only those services that are medically necessary and also requires a doctor to meet professional standards. 42 U.S.C. § 1320c-9(a)(1)(A), (B). In order to assure the enforcement of these statutory mandates, Congress established Professional Standard Review Organization (hereinafter PSRO), and charged it with the responsibility of determining whether doctors were complying with statutory requirements. 42 U.S.C. § 1320c-1(b)(1)(A). The PSRO is ordinarily composed of a number of local physicians. Congress purposefully provided that a PSRO should be operated by and comprised of physicians in the private sector; it was the intent of the legislature that the members of the PSRO would serve as governmental experts, who were familiar with local conditions and the quality of medical services that doctors rendered in their particular locality. Public Citizen Health Research Group v. Department of Health, Education, and Welfare, 668 F.2d 537 (D.C.Cir. 1981).
*1006 In the event that a PSRO determines that a doctor is providing unnecessary medical services or is not living up to professionally recognized standards, it is their duty to make a report and send that report with comments to the Statewide Professional Review Council. 42 U.S.C. §§ 1320c-11, c-6, c-9(b)(1). Prior to the transmission of this report the alleged violator is given notice of his failure to comply with statutory standards and an opportunity to respond to any accusations. The Review Council then sends a report to the HCFA, which reviews the information and gives the alleged violator notice of its decision and an opportunity to submit "documentary evidence and written argument concerning the proposed action" of the agency. 42 C.F.R. § 474.10(c). In the event that the HCFA determines, after a review of all the evidence, that the exclusion of the doctor from the Medicare Program is appropriate, the reimbursement of benefits will cease thirty days after the agency's decision. The statute and regulations further provide that a provider of health care only will become re-eligible to receive benefits if the Secretary decides to reverse the decision of the HCFA, or if a court determines that the final decision of the Secretary is inappropriate. The Social Security Act allows for judicial review of the agency decision only after the Secretary has entered its final order. 42 U.S.C. § 405(g).
It is evident from the documents and exhibits submitted by both plaintiff and defendants that plaintiff's activities were reviewed pursuant to the statutory scheme required by the Social Security Act. In April of 1979 the Southeast Missouri Foundation for Medical Care (SEMO), a Professional Standards Review Organization (PSRO) in southeast Missouri began to review Poplar Bluff Hospital because of its extremely high re-admission rate. As a result of monitoring the hospital, an indepth review of Dr. Kwoun's and other doctors' admissions to Poplar Bluff Hospital was made. Due to Dr. Kwoun's alleged failure to cooperate and due to his standard of patient care in February of 1980 SEMO transmitted its report to the Missouri Statewide Professional Standards Review Council. This council then transmitted this report with its comment to the HCFA which recommended a sanction be imposed. Dr. Kwoun was advised in writing in September of 1980 by the Central Office of HCFA of its intent to exclude his participation under the Social Security Reimbursement Program. The doctor was also notified of his opportunity to contest this determination by writing and personal appearance. On December 5, 1980, Dr. Kwoun took advantage of this opportunity and appeared at the administrative review before the director of HCFA. The evidence adduced at the trial was then submitted to SEMO for further review and recommendation. On September 2, 1981, HCFA advised Dr. Kwoun that he would be excluded from participation in the Medicare Program pursuant to 42 U.S.C. § 1395y(d)(1)(C) for a period of ten years. The letter also notified the doctor of his right to a hearing before the ALJ. Accompanying the decision was a statement which details the basis for the decision to exclude the plaintiff. The letter states that among the grounds for exclusion are that the doctor failed to meet professionally recognized standards of health care. Specifically, the charges were that the doctor made inappropriate use of pacemakers, laboratory services, drug usage, scheduling of surgery, and use of ancillary services. Finally the agency accused Dr. Kwoun of rendering services inconsistent with the diagnosis of certain patients. Dr. Kwoun is presently appealing this decision in the manner prescribed by the statute.
Plaintiff is requesting this Court to invoke its mandamus jurisdiction pursuant to 28 U.S.C. § 1361 so as to compel this federal agency to comply with the due process requirements of the Fifth Amendment of the Constitution. In addition, he requests injunctive relief so that he might continue to be reimbursed for his medical services. Plaintiff does not dispute the fact that the procedural steps as described were taken. However, plaintiff alleges that the agency failed to follow its own regulations in violation of the Fifth Amendment in the following *1007 manners: first, a report dealing with Poplar Bluff Hospital was converted into a report involving plaintiff and his medical practices; second, plaintiff alleges that he was not given sufficient opportunity to discuss the charges against him with the PSRO, in the letter sent do the doctor in September 1981, the agency alleges that the doctor refused to meet with the PSRO; third, the Statewide Council and HCFA merely rubber stamped the report of the PSRO; finally, the letter of September 2, 1981 merely referred to a hearing before an ALJ, as opposed to stipulating that plaintiff had a right to review by the Appeals Council. Subsequent to the receipt of this letter plaintiff has appealed the decision of the HCFA, pursuant to the required statutory procedure. However, the plaintiff contends that the failure of the agency to follow its own regulations constitutes a violation of the due process clause of the Fifth Amendment and thereby entitles him to immediate judicial review.
In response to plaintiff's claims that his constitutional rights were violated and he therefore is entitled to judicial relief, the defendants advance two arguments. First, defendants contend that the plaintiff has failed to make the requisite showing for preliminary relief. Secondly, the government argues that this Court lacks the requisite subject matter jurisdiction to consider this cause of action pursuant to its mandamus jurisdiction.
Before granting injunctive relief it is the obligation of courts to balance the relative hardships and benefits to the plaintiff and defendant. In a recent case decided by a district court in the Eastern District of New York, the court held that a doctor suspended from the receipts of benefits pursuant to the Social Security Act, was not entitled to a preliminary injunction. Lemlich v. Schweicker, No. 81-2865 (E.D.N.Y. September 16, 1981). The court reasoned that the potential harm to the public caused by a delay in the exclusion of a doctor who allegedly provided substandard medical care, from the Medicare Program, outweighed the potential harm to plaintiff's medical practice. In addition, the court reasoned that the plaintiff failed to establish a likelihood of success on the merits because he had not exhausted his administrative remedies. Finally, any harm that the plaintiff may suffer during suspension will be alleviated if the plaintiff ultimately prevails because he will receive compensation for those services that he has provided in the interim. However, if the agency and courts sustain the decision to exclude the plaintiff from the Medicare Program, recoupment of reimbursement payment is by no means certain. For these reasons, further preliminary injunctive relief does not seem appropriate under the circumstances of this case.
The remaining issue for this Court to determine is whether this Court has the necessary jurisdiction to consider plaintiff's claims at this particular time. Section 405(g) of the Social Security Act provides for judicial review of challenges to agency determinations only after the Secretary renders his final decision on the merits.[1] In fact, the statute expressly precludes judicial review of the decision to exclude a physician from the Medicare Program until "after such hearing as is provided in Section 405(g) of the Title". 42 U.S.C. § 1395y(d)(3).
The Supreme Court has held that the "final decision" requirement embodied in the Social Security Act is a statutorily specified jurisdictional prerequisite, and therefore is more than a codification of the judicially developed doctrine of exhaustion. Weinberger v. Salfi, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). However, there is an exception to the rule that requires the plaintiff to exhaust his administrative remedies prior to judicial review. *1008 In the event a party seeking judicial review establishes that the agency has violated his constitutional right, a court may intervene prior to the conclusion of the administrative processes. Nevertheless, to fall within the exception to this rule, a party must present a constitutional claim which is collateral to the substantive claim, making adequate relief unobtainable at a post-termination hearing. Matthews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1975); Weinberger v. Salfi, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). In addition, the mere assertion of a constitutional claim is insufficient; the record must reflect a colorable claim. Kechijan v. Califano, 621 F.2d 1 (1st Cir. 1980).
It is the opinion of this Court that plaintiff's cause of action does not fall within the exception to the exhaustion of administrative remedies rule. As stated, the requirement of a "final decision" by the Secretary, embodied in the statute, is central to the requisite grant of subject matter jurisdiction. Weinberger v. Salfi, supra. Furthermore, it is clear that plaintiff's claim is not collateral to his substantive claim, and that the agency will be capable of correcting any procedural defects in a later evidentiary proceeding. The plaintiff is not questioning the constitutionality of the statute nor is he presenting an issue which is beyond the jurisdictional powers of the Secretary to determine.[2] The plaintiff is only claiming that the agency has failed to follow its own guidelines. Nor is it always the rule that an agency's violations of its own regulations always raise a constitutional question. United States v. Caceres, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1978); Morton v. Ruiz, 415 U.S. 199, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1971). Therefore this Court will not consider the merits of plaintiff's cause of action.
It is the opinion of this Court that intervention with agency procedures would be premature at this time. It would be inconsistent with the intent of Congress and the statutory scheme to preclude the agency from compiling an evidentiary record, which will allow for adequate judicial review, in the event that becomes necessary. It was evidently the intent of the legislature that this court should benefit from the expertise of the agency and the doctors asked to serve on PSRO.
Accordingly, defendants' motion for summary judgment will be granted, and defendants' motion to dismiss will be denied as moot because this Court has considered matters outside of the pleadings pursuant to Rule 56 of the Federal Rules of Civil Procedure. In addition, the Order of this Court dated September 17, 1981, granting injunctive relief shall be vacated and this case shall be dismissed.
NOTES
[1] The statute provides:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.
[2] In Lemlich v. Schweiker, supra, the district court reached the plaintiff's due process claim. However, the issue in that case was whether the constitution required a full evidentiary hearing prior to the suspension of benefits. The court held that a post-evidentiary hearing was adequate. Intervention in Lemlich was appropriate because further agency proceedings would not have resolved the constitutional issue before the court.