William F. WALSH, Plaintiff,

v.

Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor: William H. Webster, as Director, Federal Bureau of Investigation, The Federal Bureau of Investigation, and Emanuel Friedman, Hearing Representative of the Department of Labor, Defendants.

No. 83 Civ. 5760(MP).

United States District Court, S.D. New York.

Dec. 13, 1983.

Richard A. Dienst, New York City, for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by Asst. U.S. Atty. Janis Farrell, New York City, for defendants.

## MEMORANDUM

MILTON POLLACK, Senior District Judge.

Plaintiff, an agent of the Federal Bureau of Investigation, brings this action seeking review of several actions of the Department of Labor in connection with his claim for workers' compensation. Defendants, including the Secretary of Labor, have moved for dismissal of plaintiff's complaint for want of subject matter jurisdiction and for failure to state a claim for which relief may be granted, pursuant to Fed.R.Ciy.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6). For reasons to be set forth below, defendants' motion should be, in all respects, granted.

Plaintiff alleges that he suffered injuries to his head, right knee and back on July 17, 1979, in the course of his employment. Plaintiff was placed on "traumatic leave" the following day, but resumed participation in assigned activities on July 31, 1979. Plaintiff's claim for workers' compensation was completed the same day.

On October 13, 1981, the Department of Labor approved plaintiff's request for workers' compensation benefits for his head and knee injuries; plaintiff's claim for benefits for his back injury, however, was denied on September 7, 1982. On October 20, 1982, plaintiff requested reconsideration of that denial. A hearing was scheduled for August 25, 1983, and defendant Emanuel Friedman was appointed the hearing representative for the Department of Labor.

On July 25, 1983, Friedman cancelled the hearing and directed that the Branch of Special Claims of the United States Department of Labor Workers' Compensation Board issue a *de novo* determination of plaintiff's claim. In the memorandum sent to an Acting Assistant Deputy Commissioner in the Special Claims Branch, remanding plaintiff's claim to that Branch, Friedman stated:

I have serious doubt as to whether the claimant injured his back at all on July 17, 1979, thus the first questions which should be considered is whether the claimant sustained a back injury on July 17, 1979. If it is found that he did injure his back at that time, the next question is whether there is sufficient medical evidence to show a cause or relationship between the back disability and the injury. Another serious question is whether the claimant injured his right knee at the time. It should be noted that the record does not contain a single, clear description of the mechanics of the injury showing how the back or the right knee was injured. I might also note that the emergency room record from St. Clare's Hospital clearly shows there was no loss of consciousness.

Plaintiff avers that Friedman's statement demonstrates a predisposition toward

finding against him which has permeated his entire Department of Labor proceedings, making it impossible for him to obtain a fair and impartial determination of his claim. Asserting a denial of his due process rights, plaintiff seeks this court's intervention in his claim for workers' compensation benefits. Specifically, plaintiff seeks the disqualification of the Department of Labor from hearing his claim, the appointment of a special hearing officer to evaluate his eligibility for workers' compensation, discovery of the F.B.I. investigative file compiled in connection with his alleged injuries and the establishment of a certain date for hearing before the requested hearing officer.

Asserting that 5 U.S.C. § 8128(b) precludes this Court from taking jurisdiction of plaintiff's action, defendants have moved for dismissal of his complaint on grounds set forth above. § 8128(b) states that

> The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—
>
> (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
>
> (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

Plaintiff contends that § 8128(b) does not apply to the case at bar. Plaintiff argues that he seeks not a review by this Court on the issue of coverage but a consideration of the constitutionality of the procedures employed by the defendants in determining his claim. Plaintiff cites *TerKeurst v. United States*, 549 F.Supp. 455 (W.D.Mich. 1982) for the proposition that § 8128(b) does not preclude judicial review of the constitutionality of the procedures employed by the Department of Labor in determining a workers' compensation claim.

To adjudicate this motion, however, this Court need not decide whether § 8128(b) precludes a federal district court from taking jurisdiction of a constitutional attack upon such procedures. Nor need this Court decide the logically prior issue

whether an applicant for federal workers' compensation benefits has a property interest in those benefits sufficient to trigger the procedural due process requirements set forth in *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

 Plaintiff's application for federal workers' compensation benefits is currently pending before the Branch of Special Claims of the Department of Labor. No final decision on the merits of the application has been issued by the Department; indeed, defendant Friedman requested that the Branch undertake a *de novo* review of plaintiff's application. Where a substantial question of coverage under the Federal Employees' Compensation Act exists, the Secretary of Labor must be given "the opportunity to speak first." *Joyce v. United States*, 474 F.2d 215, 219 (3d Cir.1973). *See also DeFord v. Secretary of Labor*, 700 F.2d 281 (6th Cir.1983); *White v. Tennessee Valley Authority*, 58 F.Supp. 776 (E.D.Tenn.1945). Plaintiff's complaint is thus not yet ripe for any judicial review this Court might be able to exercise despite the language of § 8128(b).

 That plaintiff asserts a constitutionally-based challenge to the procedures used by the Department of Labor in considering his claim does not necessarily obviate the requirement that he pursue to the finish his application with the Department of Labor before seeking judicial relief:

> [T]he presence of constitutional questions, *coupled with* a sufficient showing of *inadequacy of* prescribed administrative *relief and* of threatened or impending *irreparable injury* ... has been held sufficient to dispense with exhausting the administrative process before instituting judicial intervention.

*Aircraft & Diesel Equipment Corp. v. Hirsch*, 331 U.S. 752, 773, 67 S.Ct. 1493, 1503, 91 L.Ed. 1796 (1947) (emphasis added). Exhaustion of administrative remedies thus has been held necessary when the unconstitutionality of the administrative process is asserted, *Rosenthal & Co. v.*

*Bagley,* 581 F.2d 1258 (7th Cir.1978), at least where relief from the asserted unconstitutionality may be sought later. *Kwoun v. Schweiker,* 528 F.Supp. 1004 (E.D.Mo. 1981).

In the instant case, plaintiff may seek rectification of the defendants' alleged violation of his due process rights in further Department of Labor proceedings. To the extent that he is entitled to any judicial review of the Department of Labor's actions in connection with his claim for workers' compensation, plaintiff may seek such review after the Department enters an ultimate determination of his claim. *See Ter-Keurst v. United States,* 549 F.Supp. 455 (W.D.Mich.1982). Plaintiff is thus not exempt from the ripeness requirements of *Joyce v. United States, supra.*

Plaintiff's complaint is not yet ripe for judicial review. His action, accordingly, is dismissed for failure to state a claim for which relief may be granted and for want of subject matter jurisdiction. This dismissal does not prejudice any right plaintiff might have to seek review of the constitutionality of the procedures employed in determining his claim once his eligibility for workers' compensation benefits is ultimately decided.

SO ORDERED.