Pravin G. UDANI and Asha P. Udani, Plaintiffs,

v.

UNITED STATES, Defendant.

No. 89–71051.

United States District Court, E.D. Michigan, S.D.

Sept. 26, 1989.

Frederick A. Patmon, Detroit, Mich., for plaintiffs.

Bridget M. Rowan, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## AMENDED MEMORANDUM AND ORDER *

COHN, District Judge.

### I.

This is an action for the recovery of taxes erroneously or illegally collected. Plaintiffs Pravin and Asha Udani seek to recover an overpayment of $4,327.00 from the tax year ending December 31, 1980. Plaintiffs allege that the Court has jurisdiction over their case under the provisions of 28 U.S.C. § 1346(a)(1). Because venue in actions brought pursuant to § 1346(a)(1) is governed by 28 U.S.C. § 1402(a)(1), defendant United States asserts that venue is proper only in the district where plaintiffs reside. Defendant moves to dismiss or transfer the action because plaintiffs do not reside within the Eastern District of Michigan.

Plaintiffs respond by filing an affidavit, notarized in Texas, that states that their cause of action arose in the Eastern District of Michigan and names several potential witnesses who reside in the Eastern District of Michigan. The affidavit also states that plaintiffs live in Texas but still "make their home" in Charlotte, North Carolina. Because the Court finds that venue does not lie in the Eastern District of Michigan, defendant's motion is GRANTED, and the case will be transferred to the Northern District of Texas, Fort Worth Division.

### II.

Plaintiffs first argue that the defendant has waived its right to object to venue by filing a responsive pleading. This is untrue. Examination of the responsive pleading filed shows that defendant's first defense to the action is a venue objection. It is well settled that "a party who makes a timely objection to venue cannot be held to have waived it because [the party] raises it in a motion or answer that also states defenses going to the merits." C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3829 (1986 & Supp.1989). Therefore, defendant's objection is timely.

### A.

This case presents the somewhat unusual scenario in which *plaintiffs* wish to prevent their cause of action from being litigated in the district where they reside. Title 28 of the United States Code, section 1402(a)(1) provides that "[a]ny civil action in a district court against the United States under subsection (a) of section 1346 of this title may be prosecuted only ... in the judicial district where the plaintiff resides." Plaintiffs' paper, styled Brief in Support of Response to United States of America's Motion for Dismissal or Transfer, contains the admission that plaintiffs reside in either Charlotte, North Carolina or Fort Worth, Texas for purposes of 28 U.S.C. § 1402(a)(1). The Court will take plaintiffs at their word and find that they do not reside within the Eastern District of Michigan.

However, plaintiffs' affidavit suggests that litigating the case outside of the Eastern District of Michigan would cause hard-

---

* The Memorandum and Order of September 19, 1989 has been corrected with regard to the statute sections cited in the fifth line of the text of footnote 1.

ship and expense due to the unavailability of compulsory process to bring witnesses residing in the Eastern District of Michigan to Fort Worth or Charlotte. The Court must decide whether these objections to transfer of venue can be raised in an action governed by 28 U.S.C. § 1402(a)(1). In *Caleshu v. Wangelin*, 549 F.2d 93 (8th Cir.1977), the Court of Appeals held that the language of § 1402(a)(1) means what it says and that refund suits brought by individual taxpayers may be prosecuted only in the judicial district in which the plaintiff resides. The Court of Appeals in *Caleshu* was faced with a fact situation that mirrors this case. There, the defendant sought to transfer the case on the basis of hardship claims and was denied. Given that venue is intended to be a principle of convenience designed to benefit defendants, C. Wright, A. Miller & E. Cooper, *supra* § 3801, it is clear that no exception can be made for the plaintiffs here. To do so would grant plaintiffs an unwarranted second chance at choosing their forum. Therefore, the Court finds that venue is improper in this district.[1]

### B.

When venue is improperly laid in an action filed in federal court, the district court may, if it is in the interests of justice, transfer the case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a). Because the papers of both parties indicate a willingness to accept a venue transfer, the Court believes that such a transfer is in the interests of justice. Hence, the Court must now decide where to transfer the case.

Returning to the transfer statute, it is clear that a case can be transferred only to a district or division where it could have been brought. This action was filed on April 6, 1989. At that time, the affidavits of both parties show that plaintiffs resided within the Northern District of Texas, Fort Worth Division. Under 28 U.S.C. § 1402(a)(1), that is where venue lay. While it is true that the district courts have concurrent jurisdiction with the United States Court of Claims over actions brought under 28 U.S.C. § 1346(a)(1), the papers of both parties show agreement that the Northern District of Texas, Fort Worth Division, is an acceptable forum. Therefore, it is ORDERED that this case be TRANSFERRED to the Northern District of Texas, Fort Worth Division.

SO ORDERED.

---

[1] The Court acknowledges that the government defendant was required to show specific hardship and, upon failure to do so, denied a venue transfer in *TerKeurst v. United States,* 549 F.Supp. 455, 459–60 (W.D.Mich.1982). However, assuming for purposes of argument that *TerKeurst's* discussion of the venue provision in 28 U.S.C. § 1402(b) is relevant to the venue provision in 28 U.S.C. § 1402(a)(1), the district court's decision in *TerKeurst* is not inconsistent with the grant of a transfer here. Again, it must be remembered that this case is a mirror image of the usual transfer case.

In *TerKeurst,* the government defendant sought to move the case out of the district where the plaintiff resided on the basis of hardship claims. Furthermore, § 1402(b) explicitly provided for venue either where plaintiff resided or where the cause of action arose. Here, the statute provides for no such choice. Thus, *TerKeurst* can be read to stand for the proposition that a specific showing of hardship will be required before a transfer out of the district where plaintiff resides is ordered, as long as the venue statute permits such a transfer. If the statute makes no allowance for such a transfer, then no transfer can be made.