# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2875
_____

In re: Borowiak IGA Foodliner, Inc.; Trevor Borowiak,

*Petitioners.*

_____

On Petition for Writ of Mandamus to the United States District Court
for the District of Nebraska - Omaha

_____

Submitted: October 2, 2017
Filed: January 4, 2018
[Published]

_____

Before COLLOTON, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Borowiak IGA Foodliner, Inc., and Trevor Borowiak (collectively, "Borowiak") petition for a writ of mandamus. They seek to vacate an order of the district court that granted a motion to strike Borowiak's jury demand in a civil action and to require the district court to reinstate a jury trial in the action. We conclude that Borowiak is entitled to the requested relief.

In the underlying action, Borowiak sued Affiliated Midwest Cooperative and Associated Wholesale Grocers, Inc. ("AFM/AWG") asserting claims arising from a supply agreement between the parties. Borowiak's complaint demanded a jury trial.

AFM/AWG filed an answer, affirmative defenses, counterclaim, and third-party complaint, and later moved to amend the pleading. The district court granted leave to amend. The amended pleading as filed included an answer, affirmative and additional defenses, a counterclaim, and a third-party complaint. It concluded with a "Demand for Jury Trial" in which AFM/AWG "request[ed] a jury trial on all matters that are triable to a jury." While AFM/AWG's motion to amend was pending, however, AFM/AWG moved to strike Borowiak's demand for jury trial based on jury waiver clauses contained in agreements between the parties.

In ruling on the motion to strike, the district court first concluded that Borowiak's contractual waiver of a jury trial was valid. The court then ruled that AFM/AWG had not waived its contractual right by requesting a jury trial in its amended answer. The court reasoned that "AFM/AWG clearly did not want to waive these contractual provisions, as evidenced by their contracts, motion to strike, and argument in support of not having their jury in their [Rule] 26(f) disclosures." The court acknowledged Federal Rule of Civil Procedure 39(a), which provides that when a jury trial has been demanded under Rule 38, the trial on all issues so demanded must be by jury unless "the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record," or there is no federal right to a jury trial. But the court did not address directly whether AFM/AWG's jury demand implicated Rule 39 or whether the requirements of Rule 39 for proceeding by nonjury trial were satisfied.

A writ of mandamus is extraordinary relief for which three conditions must be satisfied. First, the party seeking issuance of the writ must have no other adequate means to attain the relief desired. Second, the petitioner must show that his right to issuance of the writ is clear and indisputable. Third, the court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances. *See Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380-81 (2004).

Borowiak has satisfied those conditions here. In its amended answer, AFM/AWG requested a jury trial on all matters that are triable to a jury. Under the rules of civil procedure, therefore, a trial must be by jury unless the parties stipulate to a nonjury trial, or if there is no federal right to a jury trial on some or all of the issues. Fed. R. Civ. P. 39(a); *Fields Eng'g & Equip., Inc. v. Cargill, Inc.*, 651 F.2d 589, 592 (8th Cir. 1981). AFM/AWG does not dispute that there is a federal right to a jury trial on the issues subject to the jury demand in AFM/AWG's amended answer. And after AFM/AWG made its demand for a jury trial, the parties did not consent to a nonjury trial: Borowiak has sought a jury trial throughout the litigation. Therefore, the rules of civil procedure provide that trial must be by jury on all issues subject to AFM/AWG's jury demand, and that demand encompassed "all matters that are triable to a jury."

AFM/AWG contends that its jury demand does not entitle Borowiak to a jury trial, because the amended answer included the demand only "as a precautionary, prophylactic measure," in case the district court did not strike Borowiak's jury demand. We disagree that AFM/AWG's jury demand can be disregarded as a mere contingency plan. The demand did not state that it was contingent. And a contingent demand was unnecessary: if the district court did not strike Borowiak's jury demand, there was no need for AFM/AWG to file its own jury demand on the same issues. Yet AFM/AWG requested a jury trial on all matters triable to a jury. Under the rules of procedure, once AFM/AWG advanced this broad demand for a jury, the demand could not be withdrawn without the consent of parties. There was no such consent here.

For these reasons, we conclude that Borowiak's right to a jury trial is clear and indisputable under the rules of civil procedure on the record in this case. Borowiak has no other means to attain the relief desired, and issuance of a writ is appropriate under these circumstances: "the right to grant mandamus to require jury trial where it has been improperly denied is settled." *Beacon Theatres, Inc. v. Westover*, 359

-3-

U.S. 500, 511 (1959); *see In re Vorpahl*, 695 F.2d 318, 319 (8th Cir. 1982). Accordingly, the district court is directed to reinstate a jury trial consistent with AFM/AWG's jury trial demand of May 16, 2017 (R. Doc. 44).

_____