# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1374
_____

In re: Lorraine Brazile,

*Petitioner.*

_____

On Petition for Writ of Mandamus to the United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 10, 2021
Filed: April 5, 2021
[Published]

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Lorraine Brazile petitions for a writ of mandamus directing the district court to reinstate her demand for a jury trial. The United States sued Brazile and her ex-husband seeking an avoidance of allegedly fraudulent transfers of funds. The complaint asserts that Brazile received assets from her spouse through a "sham divorce." The transfer allegedly was designed to prevent the government from using the assets to pay victim restitution arising from the husband's criminal conviction. The government alleged three counts of fraudulent transfer of assets, in violation of 28 U.S.C. §§ 3304(a)(2), 3304(b)(1)(A), and 3304(b)(1)(B), respectively.

The defendants demanded a jury trial, and the government moved to strike the demand. The government maintained that the relief sought in the action is equitable in nature, so the case should be tried to the court. The district court concluded that no jury trial is permitted, because the government is seeking restitution in equity, not in law. The court reasoned that because the monetary relief sought by the government constitutes "equitable damages stemming from an alleged fraudulent transfer of property that otherwise would have been used to pay restitution to the victim," the defendants are not entitled to a jury trial. After the case was transferred to a new presiding judge, Brazile moved to reconsider the order, but the court rejected the entreaty.

A writ of mandamus is extraordinary relief for which three conditions must be satisfied. First, the party seeking relief must have no other adequate means to attain the relief desired. Second, the petitioner must show that his right to issuance of the writ is clear and indisputable. Third, the court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004); *In re Borowiak IGA Foodliner, Inc.*, 879 F.3d 848, 849 (8th Cir. 2018) (per curiam).

Brazile has no other adequate means to attain the relief desired. An appeal after final judgment is not sufficient: "the right to grant mandamus to require jury trial where it has been improperly denied is settled." *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 511 (1959); *see In re Borowiak*, 879 F.3d at 850. So too, a petitioner need not first seek discretionary interlocutory review under 28 U.S.C. § 1292(b) before mandamus is an appropriate remedy. *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (per curiam); *Caleshu v. Wangelin*, 549 F.2d 93, 96 n.5 (8th Cir. 1977).

Brazile also has a clear and indisputable right to a jury trial. The government seeks a judgment against Brazile for "the full value of the property" that was

transferred in the divorce, and for an award of "such other relief as may be appropriate and just." A plaintiff may seek restitution in equity where money or property can "clearly be traced to particular funds or property in the defendant's possession," *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002), such as in "actions for disgorgement of improper profits." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990) (internal quotation and brackets omitted). But the government here seeks a money judgment against Brazile that would also account for funds that are not traceable to a particular transfer, but have been dissipated or commingled with other funds. Under those circumstances, the remedy sought is at least partially legal, and Brazile has a right to trial by jury. *See Knudson*, 534 U.S. at 213-14; *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 47-49 & n.7 (1989).

For these reasons, the petition for writ of mandamus is granted, and the district court is directed to reinstate Brazile's demand for a jury trial.

_____