Annunzio SOMMA, Appellant,

v.

UNITED STATES of America.

No. 13201.

United States Court of Appeals
Third Circuit.

Argued Sept. 13, 1960.

Decided Oct. 10, 1960.

**150**

Pershing N. Calabro, Philadelphia, Pa., for appellant.

Leavenworth Colby, Washington, D. C., Charles M. Donnelly, Philadelphia, Pa. (George Cochran Doub, Asst. Atty. Gen., Walter E. Alessandroni, U. S. Atty., Philadelphia, Pa., Samuel D. Slade, Attorney, Department of Justice, Washington, D. C., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

STALEY, Circuit Judge.

This is an action brought against the United States under the provisions of the Federal Tort Claims Act, 28 U.S.C. § 1346(b), (FTCA) by one of its employees (Somma) to recover damages for personal injuries sustained as a result of alleged negligence. One of the defenses raised by the government is that the injury sustained is one which is clearly covered by the provisions of the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq., (FECA), and that the remedies provided by that Act are exclusive.

The Department of the Navy employed Somma in 1940, and thereafter required him to submit to a periodic chest X-ray under pain of discharge.[1] He contends that a failure on the part of the government to properly read X-rays taken in 1955 and 1956, and to warn him of the condition which those X-rays disclosed,[2] aggravated a non-service connected incipient condition of tuberculosis. As a result of this failure, he did not receive necessary medical care so that the tuberculosis became active and disabling.

■ The action was tried to the court. It found the plaintiff guilty of contributory negligence and held that it was unnecessary to pass upon the question of coverage under the FECA. It went on to say, however, that in the event of a reversal on the question of contributory negligence, upon remand it would withhold further action until the question of coverage could be determined by the appropriate administrative agency under that Act.[3] The plaintiff appeals from the judgment which was entered against him on the finding of contributory negligence. He further asks that this court pass on the question of coverage under the FECA in the event of a reversal of the finding of contributory negligence.[4] For the reasons hereinafter set forth, we deem it proper to have the coverage of the FECA determined first by the administrative body provided for by that Act before the merits of Somma's claim under the FTCA be passed upon.[5]

---

1. Navy Civilian Personnel Instructions No. 88, § 3–4i, provides: "Employees who refuse to submit to X-ray examinations as provided in these instructions shall be removed in accordance with NCP145 for failure to carry out orders * * *."

2. Navy Medical Regulation § 0971, Adverse Entries in Medical Records, provided, "1. The Medical Officer shall inform the person concerned whenever an entry is made in such person's medical record of a serious illness, operation, injury, or physical defect which may adversely affect, in other than a temporary degree, his efficiency in the performance of duty."

3. Somma v. United States, D.C.E.D.Pa. 1960, 180 F.Supp. 519.

4. It is now well settled that where the claim of a civil service employee constitutes an injury sustained in and arising out of the course of employment, the exclusive remedy is under the FECA and not the FTCA. 5 U.S.C.A. § 757(b); Patterson v. United States, 1959, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971; Johansen v. United States, 1952, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051.

5. We are not unmindful of several decisions which hold that a claim prosecuted under FTCA was one within the exclu-

In so deciding, we are not abdicating the functions and responsibility of the court in favor of an administrative agency; rather, we are merely carrying out the obvious intent of Congress when it created the FECA. That Act sets up a comprehensive system of workmen's compensation for federal employees. Congress provided that it be interpreted and administered by a Bureau of Employees' Compensation and an Appeals Board whose action is not reviewable by the courts. 20 C.F.R. § 1.1 (1949 ed.); 5 U.S.C.A. § 793; Blanc v. United States, 2 Cir., 1957, 244 F.2d 708, certiorari denied 1957, 355 U.S. 874, 78 S.Ct. 126, 2 L.Ed.2d 79. Obviously, the purpose in so providing was to insure uniformity of interpretation and policy. Where, as here, admittedly a substantial question of coverage exists,[6] especially in an area in which the Board has not as yet authoritatively spoken, we think it extremely important that it have the opportunity to speak first.

The courts have frequently followed this course in analogous situations.[7] Questions of tariff construction have been referred to the Interstate Commerce Commission on many occasions. United States v. Western Pacific Railroad Co., 1956, 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126; United States v. Chesapeake & Ohio Railway Co., 1956, 352 U.S. 77, 77 S.Ct. 172, 1 L.Ed.2d 140; Texas & Pacific Railroad Co. v. American Tie & Timber Co., 1914, 234 U.S. 138, 34 S.Ct. 885, 58 L.Ed. 1255. In Order of Ry. Conductors of America v. Pitney, 1946, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318, and Slocum v. Delaware L. & W. R. Co., 1950, 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795, the court referred questions involving the interpretation of a collective bargaining contract to the Adjustment Board. Maritime rate questions were transferred from the court to the Shipping Board in United States Navigation Co. v. Cunard S. S. Co., 1932, 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408, and Far East Conference v. United States, 1952, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576. · Likewise, in Lichten v. Eastern Airlines, Inc., 2 Cir., 1951, 189 F.2d 939, 25 A.L.R.2d 1337, the court referred a question of the legality of a contractual provision to the Civil Aeronautics Board.[8]

Somma may now prosecute a claim for compensation under the FECA. It is true that he has already gone through a time-consuming proceeding; however, all parties were early made aware that the provisions of the FECA might be applicable. We are not unaware that such a claim might be too late under the strict time limits contained in Section 770 of the FECA. As the district court said, however, this would appear to be an appropriate situation for the Secretary of Labor, under this same section, to grant a waiver. Indeed, government counsel categorically stated in this court during oral argument that no prejudice has been caused by the delay. A valid and substantial dispute existed as to the appropriate remedy available. The government was fully aware of Somma's claim from the time he was first stricken and could have taken the necessary steps to protect itself. No problem of stale or missing evidence has appeared, nor is it suggested that Somma

---

sive purview of FECA. But in none of these did the court expressly dispose of the question posed here. Underwood v. United States, 10 Cir., 1953, 207 F.2d 862; Sasse v. United States, 7 Cir., 1953, 201 F.2d 871; Leahy v. United States, D.C.E.D.N.Y.1958, 160 F.Supp. 519; Berry v. United States, D.C.D.Or.1957, 157 F.Supp. 317, and Stiffler v. United States, D.C.M.D.Pa.1954, 122 F.Supp. 304.

6. The district court was also of the opinion that a substantial question of coverage exists. 1960, 180 F.Supp. 519, 525. See Matter of Dombach, 8 E.C.A.B. 389 (1955); Matter of Knowles, 6 E.C.A.B. 180 (1953).

7. One of the earliest cases is Texas & Pacific Railway Co. v. Abilene Cotton Oil Co., 1907, 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553.

8. For a listing of cases in this area, see 3 Davis, Administrative Law §§ 19.01–19.06, and §§ 20.01–20.08 (1958).

did not promptly seek proper medical aid.[9]

The judgment entered below will be vacated and the cause remanded to the district court with directions to permit Somma a reasonable time within which to proceed under the FECA and to withhold further action pending the outcome of such proceeding.

---

9. 2 Larson, Workmen's Compensation Law § 78:00 states:

"Since the purpose of the notice requirement is to enable the employer to protect himself by prompt investigation and treatment of the injury, failure to give formal notice is usually no bar if the employer had actual knowledge or informal notice sufficient to indicate the possibility of a compensable injury, or if the employer furnished medical service or paid some compensation, or, in many jurisdictions, if the employer was not prejudiced by the lack of notice."

Bethlehem Steel Co. v. Parker, D.C. Md.1947, 72 F.Supp. 35, affirmed 4 Cir., 1947, 163 F.2d 334; 100 C.J.S. Workmen's Compensation § 452.