**UNITED STATES of America,
Appellant,**

**v.**

**Julia Lee CHARLES, Appellee.**

**D. C. TRANSIT SYSTEM, INC.,
Appellant,**

**v.**

**Julia Lee CHARLES, Appellee.**

**Nos. 21213, 21218.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 5, 1968.

Decided May 28, 1968.

Certiorari Denied Oct. 14, 1968.

See 89 S.Ct. 220.

Mr. Robert C. McDiarmid, Attorney, Department of Justice, with whom Asst. Atty. Gen. Edwin L. Weisl, Jr., Messrs. David G. Bress, U. S. Atty., and John C. Eldridge, Attorney, Department of Justice, were on the brief, for appellant in No. 21213. Mr. Morton Hollander, Attorney, Department of Justice, also entered an appearance for appellant in No. 21213.

Mr. David L. Hilton, Washington, D. C., for appellant in No. 21218. Mr. Anthony E. Grimaldi, Washington, D. C., also entered an appearance for appellant in No. 21218.

Mr. John J. Dwyer, Washington, D. C., for appellee.

Before FAHY, Senior Circuit Judge, and DANAHER and BURGER, Circuit Judges.

PER CURIAM:

Julia Lee Charles, appellee in both appeals, recovered of the United States and the D. C. Transit System, Inc., appellants, a single judgment for seventy-five hundred dollars. The actions grew out of the same episode, a fall of appellee in alighting from a bus of Transit at a stop at the Bolling Field Air Force Base where appellee was an employee of the Officers' Club. There was evidence she was caused to fall by stepping in a hole at the bus stop where she alighted. Her action against the United States was under the Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, and was decided by the judge on the same evidence upon which the jury rendered the verdict against Transit.

*No. 21218.* Transit questions the sufficiency of the instructions to the jury but we find no cause for reversing in the instructions given or in any omission from them. Transit's more serious contention is that the evidence was insufficient to establish that the bus driver could reasonably have observed the hole into which appellee stepped after alighting from its bus. As to this, however, the conflicting evi-

dence fairly gave rise to an issue for the jury to decide.

*No. 21213.* The United States urges that since appellee was an employee of the United States her exclusive remedy was under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.,* for which reason she could not recover under the Tort Claims Act. It is not disputed that the Officers' Club where appellee was employed was a nonappropriated fund instrumentality of the United States. See 5 U.S.C. § 2105(c). Moreover, under 5 U.S.C. § 8171, the Longshoremen's and Harbor Workers' Compensation Act is made applicable "to disability or death resulting from injury" to employees of nonappropriated fund instrumentalities, as described by 5 U.S.C. § 2105(c), provided the injury is one "arising out of and in the course of employment." 33 U.S.C. § 902(2). If so, the liability under the Longshoremen's Act "is exclusive and instead of all other liability of the United States or the instrumentality to the employee * * *." 5 U.S.C. § 8173.

Where there is a substantial question whether the claim for injury comes within the Longshoremen's Act, resort should be had first to the Act. *Cf.* Daniels-Lumley v. United States, 113 U.S.App.D.C. 162, 164, 306 F.2d 769, 771; Somma v. United States, 283 F.2d 149, 151 (3rd Cir.). The accident in our case occurred in connection with appellee's arrival on the Base to report for her work at the Officers' Club there. She alighted from the bus for this purpose within a block of the place of her employment, at the bus stop nearest to it. This was only a few minutes before her work was due to begin at the Club. In these circumstances the substantiality of the question of coverage, that is, whether the injuries arose out of and in the course of her employment, brings the case within the rule which sends the problem initially to the deputy commis-

sioner having jurisdiction under the Act. See O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 506–507, 71 S.Ct. 470, 95 L.Ed. 483.

In No. 21218 the judgment is affirmed.

In No. 21213 the judgment will be vacated and the cause remanded to the District Court with directions to permit appellee a reasonable time within which to proceed under the Longshoremen's and Harbor Workers' Compensation Act and to withhold further action pending the outcome of such proceeding. See Somma v. United States, supra, 283 F.2d at 152.

Should the Deputy Commissioner hold, and on review should the District Court agree, that jurisdiction does not lie under the Longshoremen's Act, the judgment under the Tort Claims Act will be reinstated.[1] Should an award be made under the Longshoremen's Act and accepted or on review be approved by the District Court the judgment under the Tort Claims Act shall not be reinstated.

It is so ordered.

---

1. The Government made no challenge as to the recovery under the Tort Claims Act except that appellee should not have been permitted to prosecute the tort claim without first asserting her claim under the Longshoremen's Act.