**Andy BAILEY and Barbara Bailey,
Plaintiffs-Appellees,**

v.

**UNITED STATES, THROUGH the DE-
PARTMENT OF the ARMY,
Defendant-Appellant.**

**No. 71–1731.**

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1971.

L. Patrick Gray, III, Asst. Atty. Gen., Donald E. Walter, U. S. Atty., Paul Lynch, Asst. U. S. Atty., Shreveport, La., Robert Kopp, Morton Hollander, Robert M. Feinson, Attys., Civil Div., Appellate Section, Dept. of Justice, Washington, D. C., for defendant-appellant.

Scott McClain, Lake Charles, La., for plaintiffs-appellees.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

In this case the district court held that plaintiffs' action was maintainable under the Federal Tort Claims Act,[1] 28 U.S.C. § 1346, because no substantial question of coverage was presented under the Federal Employees' Compensation Act (FECA),[2] 5 U.S.C. § 1801 et seq. We affirm.

1. In pertinent part the Act provides that the district courts shall have "exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred". 28 U.S.C. § 1346(b).

2. The sections of the Federal Employees' Compensation Act which are important to the decision of this case are as follows:

*5 U.S.C. § 8102(a):*
(a) The United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty, unless the injury or death is—
(1) caused by willful misconduct of the employee;
(2) caused by the employee's intention to bring about the injury or death of himself or of another; or
(3) proximately caused by the intoxication of the injured employee.

*5 U.S.C. § 8116(c):*
(c) The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute. However, this subsection does not apply to a master or a member of a crew of a vessel.

*5 U.S.C. § 8128(b):*
(b) The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—
(1) final and conclusive for all purposes and with respect to all questions of law and fact; and
(2) not subject to review by another official of the United States or by a court by mandamus or otherwise.
Credit shall be allowed in the accounts of a certifying or disbursing official for payments in accordance with that action.

*5 U.S.C. § 8145:*
The Secretary of Labor shall administer, and decide all questions arising under, this subchapter. He may—
(1) appoint employees to administer this subchapter; and
(2) delegate to any employee of the Department of Labor any of the powers conferred on him by this subchapter.

Mrs. Barbara Bailey was a civilian employee of the Army Laundry at Fort Polk, Louisiana. On February 7, 1968, at 4:30 P.M., Mrs. Bailey left the laundry to go home for the day and walked to her car in the parking lot adjacent to the laundry. She entered her automobile and drove out of the parking lot and proceeded down the main street of Fort Polk. After driving more than a block Mrs. Bailey stopped for a signal light, at which time her car was struck from the rear by a military pickup truck transporting equipment for use on the rifle range. As a result of the collision Mrs. Bailey suffered personal injuries to her body.

Following the collision an action was filed in federal district court by Mrs. Bailey and her husband for recovery under the Federal Tort Claims Act. At the trial the court found that Mrs. Bailey was injured by the negligent act of a federal employee acting within the scope of his employment. The government contended, however, that plaintiff's proper remedy was to first seek recovery from the Department of Labor which, by virtue of the FECA, has exclusive primary jurisdiction of compensation for injuries sustained by a government employee "in the performance of his duty." The district court disagreed and held that there was no substantial question but that Mrs. Bailey's injury did not occur in the performance of her duty as a laundry employee, and hence the suit could be brought under the Federal Tort Claims Act. Accordingly, the court entered judgment of $2,500.00 for Mrs Bailey and $873.00 for her husband.

■ The Federal Employees' Compensation Act is but one of a number of workmen's compensation statutes which provide the injured employee with a substitute method of recovery, more efficient and less expensive than a common-law tort action. See United States v. Demko, 1966, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258. Because such laws are intended to serve as a substitute rather than a supplement for the tort suit, the remedy thereunder is usually exclusive of any recovery which might otherwise be obtained in the absence of a workmen's compensation statute. Johansen v. United States, 1952, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051.

Specifically, the FECA requires the United States to pay compensation "for the disability or death of an employee resulting from personal injury *sustained while in the performance of his duty* . . ." 5 U.S.C. § 8102(a). (Emphasis supplied). The statute further provides that the liability of the United States "is exclusive and instead of all other liability of the United States . . . to the employee". 5 U.S.C. § 8116(c). The Secretary of Labor is vested with the power to "administer, and decide all questions arising under" the FECA and his action in denying or granting compensation is final and conclusive and may not be reviewed by a court of law. 5 U.S.C. § 8128(b) (1) and (2) and § 8145.

■■ It is readily apparent that the injured federal employee may not bring an action against the United States under the Federal Tort Claims Act, supra, when there is a substantial question as to whether or not the injury occurred in the performance of the employee's duty. Somma v. United States, 3 Cir. 1960, 283 F.2d 149. Before such an action may be maintained, the employee must first seek and be denied relief by the Secretary of Labor, acting in his capacity as administrator of the FECA. On the other hand, if no substantial question of FECA coverage is presented, the employee may prosecute his tort claim without first applying to the Secretary of Labor. The issue before this court, therefore, is whether the district court was correct in holding that Mrs. Bailey's injury did not raise a substantial question of coverage within the provisions of the FECA.

■ The government contends that since the injury occurred on the employer's property while the employee was returning home from work, there is a very real possibility that the Secretary of Labor would compensate Mrs. Bailey,

and hence the tort suit is premature. The government urges this court to adopt the so-called "premises rule", which would, in effect, preclude an initial judicial determination of FECA coverage whenever one federal employee, going to or coming from work, was injured by another federal employee while on government property. We cannot accept such a rigid interpretation. Although the location of the accident is certainly one of the factors to be considered in determining whether there is a substantial question of FECA coverage, we refuse to hold that it is the sole criteria. The better approach, we think, is that taken by the Court of Appeals for the Tenth Circuit which tests the existence of a coverage question by examining the issue in light of *all* relevant factors, including the premises on which the injury took place:

> "The Government, in urging what it calls the 'premises rule' in workmen's compensation law generally, and as it has been applied under the Federal Employees' Compensation Act, cites a series of cases which hold that an injury suffered by an employee is compensable if it occurs on the employer's premises, although the employee may be on his way to, or going from the place where he ordinarily performs his duties. The 'premises rule' is applicable under a great variety of circumstances, both in actions under state compensation acts and under the Federal Employees' Compensation Act, *but it must be treated as but one of a number of factors to be taken into consideration in reaching a decision as to whether or not the injury is compensable.* It cannot be said in every instance where an injury occurs on the employer's premises and the employee is going to or from work, that therefore the injury is covered." United States v. Browning, 10 Cir. 1966, 359 F.2d 937, 940. (Emphasis supplied).

Accord, United States v. Udy, 10 Cir. 1967, 381 F.2d 455.

The government relies heavily upon the cases of Daniels-Lumley v. United States, 1962, 113 U.S.App.D.C. 162, 306 F.2d 769, and United States v. Charles, 1968, 130 U.S.App.D.C. 151, 397 F.2d 712.[3] However, under close scrutiny, these cases will not support a strict adaptation of the "premises rule" as contended for by the government. While both cases held that substantial compensation questions existed, neither did so solely on the basis of the location of the accident. In Daniels-Lumley v. United States, supra, the Court of Appeals for the District of Columbia no doubt considered the fact that the injury was incurred on federal property, but the court also stressed the fact that the plaintiff was injured "during her normal working hours." 306 F.2d at 770. Likewise, in United States v. Charles, supra, the court did not restrict its inquiry to an examination of where the injury occurred but also focused on plaintiff's mode of transportation to the site of the accident and on the pendency of plaintiff's working hours.

The several cases, cited by the government, which deal with workmen's compensation under state statutes serve to clarify our point. Jaynes v. Potlatch Forests, 1954, 75 Idaho 297, 271 P.2d 1016; Davis v. Chemical Construction Company, 1960, 232 Ark. 50, 334 S.W.2d 697; Smith v. Industrial Accident Commission, 1941, 18 Cal.2d 843, 118 P.2d 6; Warren's Case, 1951, 326 Mass. 718, 97 N.E.2d 184. In each case the state court reviewed the totality of the circumstances surrounding the injury, including, of course, the factor of whether the injury took place on the employer's premises. The injured employee was held to be covered in these cases, but not merely because he was injured on the property of his employer. On the contrary, the Supreme Court of Idaho in Jaynes v. Potlatch Forests, supra, explic-

---

3. United States v. Charles, supra, deals with a question of compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901, et seq., rather than the FECA. However, for the purpose of the instant appeal, this distinction is unimportant.

itly rejected any distinction based on property boundaries and ruled that the employee was entitled to compensation even though he was injured after he left his job-site and entered upon a public highway. The court simply looked at all the surrounding circumstances and made a determination that the particular employee was injured as a result of a "zone of special danger" created by the conditions of his employment. See O'Leary v. Brown-Pacific-Maxon, 1951, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483; O'Keeffe v. Smith, Hinchman & Grylls Asso., 1965, 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895.

It is true that the foregoing state cases were concerned with the issue of whether the employees were actually within the provisions of the workmen's compensation statutes, and here, we must decide only whether there is a substantial question of coverage. But regardless of which issue a court has before it, the method of adjudication must remain the same, and that method should not be artificially restricted by the employer's property line. Furthermore, the Secretary of Labor is not bound by any such property concept in deciding if the employee should receive FECA compensation,[4] and this is significant because the method of inquiry used by both the administrative body and the federal courts is identical. The only difference is that the Secretary of Labor takes his inquiry one step further and decides whether FECA coverage actually exists, while the federal courts halt their inquiry and defer to the administrative remedy once it is determined that a substantial question of coverage is raised.

Having determined that we are not required to hold as a matter of law that a substantial question of FECA cover-age is presented merely because the injury to Mrs. Bailey occurred on government property, we turn to the merits of the case.

■ A close examination of the circumstances surrounding the accident reveals two factors which might possibly raise a substantial question that Mrs. Bailey was injured in the performance of her duties as a laundry employee. One, she was injured while returning home from her job; and, two she was injured on a public street owned by her employer, the United States. The government, quite correctly, does not argue that the FECA extends compensation on the sole basis that an employee was injured on the way home from work. See e. g., Jaynes v. Potlatch Forests, supra. The government's case, then, must necessarily rise or fall with the amount of significance we accord the location of the accident.

■ At the time of the collision Mrs. Bailey had completed her work day; she had departed from the job site in her privately-owned automobile; and she was traveling home on a street which was apparently open to all persons authorized to be on the Army base. She was not under any supervision from her employer, and the driving of the automobile was not an activity connected to the usual hazards of laundry work. See Walker v. United States, D. Alaska, 1971, 322 F.Supp. 769. Absent any showing that the street traveled by Mrs. Bailey was a "zone of special danger"[5] incident to her laundry employment, we hold that the location of the collision in this case was of small import and no substantial question of FECA coverage is raised by the fortuitous circumstance that the street was owned by the federal gov-

---

4. The government in its brief makes no attempt to argue that the Secretary of Labor would be required to compensate Mrs. Bailey on the sole ground that she was injured on her employer's property:
   "For under general principles of workmen's compensation law the administrative agency here *could very*

*reasonably decide* that the accident to Mrs. Bailey, which occurred while she was leaving work on her employer's premises, was covered by the Federal Employees' Compensation Act."
Brief of the United States, at p. 10 (emphasis supplied).

5. O'Leary v. Brown-Pacific-Maxon, supra.

ernment. United States v. Browning, supra; United States v. Udy, supra.

The district court was therefore correct in allowing Mrs. Bailey to maintain her action under the Federal Tort Claims Act, supra, and its judgment is hereby in all respects

Affirmed.

CLARK, Circuit Judge (dissenting):

With deference to the majority, I perceive the crucial issue not to be *whether* a substantial question of coverage exists under the FECA, *but who,* the court or the Secretary, should make the determination of substantiality. They opt for court determination. I would reach a different result because as I view the case: (1) the answer to the question is not free from doubt, (2) a resolution of the significance of the work hazard relationship to the site of the accident involves administrative expertise, and (3) there is no showing that repair to the Secretary would produce irreparable harm.

Congress has mandated that FECA coverage and tort claims liability be mutually exclusive. They each involve rights of nationwide applicability; therefore nationwide uniformity in their enforcement is implicitly desirable though not expressly required. However, the majority's approach will almost inevitably lead to disparate decisions. The operation and maintenance of the laundry, the parking lot, and the surrounding streets of Fort Polk were all functions discharged by Mrs. Bailey's employer. The Base as a whole is primarily dedicated to the military function. Mrs. Bailey had to traverse its confines to reach and leave the place where her primary work function was performed. It seems obvious to me that different district courts not only could, but would disagree as to whether a substantial question of coverage exists in

this case. If the Secretary were allowed to interpret the Act, then results in California should not be different from the results in Louisiana. The division of the nation into federal districts and circuits cannot help but lead to varying results for different litigants similarly circumstanced. But here we do not have to accept such disparities. Congress has provided machinery through the FECA to inject a measure of uniformity into this area.

Lone Star Cement Corp. v. F.T.C., 339 F.2d 505 (9th Cir. 1964), dealing with a related question, adopted a test recommended by a leading commentator in the field of administrative law. *See* 3 Davis, Administrative Law Treatise § 20.03 (1958). The factors in that test are: (a) the extent of injury from pursuit of administrative remedy; (b) the degree of apparent clarity or doubt about administrative jurisdiction; and (c) the involvement of specialized administrative understanding in resolving the question of jurisdiction. 3 Davis, *supra* at 69. Professor Davis makes the following statement which clearly fits the case before us. "When the administrative proceeding involves neither abnormal expense nor other irreparable harm, and when the issue of jurisdiction is either doubtful or dependent upon specialized understanding in the agency's field, requiring exhaustion is normally desirable. When expense or other irreparable harm is great and the issue of juridiction is easy for the court to determine, exhaustion normally should not be required." (footnotes omitted) 3 Davis, *supra* at 69–70. Given my view of the coalescence of all of these factors in the case at bar, Mrs. Bailey and others in the future who may be similarly situated ought to be required to first pursue the exclusive and surer administrative remedy Congress has provided under FECA rather than being court compelled to hazard a tort attack on the fisc.